UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES P. DEGESO, II and
TONI DEGESO,

      Plaintiffs,

v.                                            Case No. 8:11-cv-1556-T-24-MAP

FRED'S STORES OF TENNESSEE, INC.,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion in Limine. (Doc. No. 28). Plaintiffs oppose the motion. (Doc. No. 30). As explained below, the motion is granted in part and denied in part.

This is a slip and fall case, in which Plaintiff Charles DeGeso alleges that he slipped in a puddle of liquid in Defendant's store. In the instant motion, Defendant seeks to prohibit four types of evidence: (1) evidence relating to Defendant's insurance, because such is not relevant to the issue of whether Defendant was negligent; (2) evidence related to settlement discussions, because such is not admissible under Federal Rule of Evidence 408; (3) evidence regarding the availability of health insurance benefits to Plaintiff and/or Plaintiff's ability to pay for medical treatment, because Defendant would be unfairly prejudiced if such evidence causes the jury to award him damages because they feel sorry for him; and (4) evidence of other claims and lawsuits against Defendant, because such is not relevant to the issue of whether Defendant was negligent. Plaintiffs do not oppose Defendant's motion to the extent that it seeks to preclude evidence related to settlement discussions, and to that extent, Defendant's motion is granted.

To the extent that Defendant seeks to preclude evidence relating to Defendant's insurance, Plaintiffs oppose the motion. Specifically, Plaintiffs argue that because Defendant intends to introduce a recorded statement of Plaintiff Charles DeGeso taken by an insurance claims adjuster, Plaintiffs should be able to inform the jury that the statement was taken by an insurance adjuster. Plaintiffs, however, fail to explain why the jury would need to know that the statement was taken by an insurance adjuster. Thus, Plaintiffs have not explained why such information is relevant. Accordingly, the Court concludes that such evidence should be excluded in order to prevent the unfair prejudice that would occur if the reference to insurance caused the jury to believe that the insurance company might pay all or part of an award entered against Defendant.

To the extent that Defendant seeks to preclude evidence regarding the availability of health insurance benefits to Plaintiff and/or Plaintiff's ability to pay for medical treatment, Plaintiffs oppose the motion. Specifically, Plaintiffs argue that they should be allowed to offer evidence regarding their lack of financial ability to pay and lack of health insurance to explain any gaps in medical treatment. The Court agrees that such evidence may be relevant and may be introduced if Defendant first raises the issue of a gap in medical treatment.

To the extent that Defendant seeks to preclude evidence of other claims and lawsuits against Defendant, Plaintiffs oppose the motion. Specifically, Plaintiffs argue that they should be allowed to offer evidence of similar incidents at the subject location that occurred in close temporal proximity to the incident at issue in order to show knowledge and a pattern or policy on behalf of management and employees working at that location to disregard unsafe circumstances. However, because the Court does not have adequate information from which to determine whether other claims and lawsuits were sufficiently similar or close in time, the Court denies the

motion on this issue at this time, and Defendant may renew its objection to this evidence should the need arise during trial. See <u>Sears v. PHP of Alabama, Inc.</u>, 2006 WL 1223302, at *3 (M.D. Ala. May 5, 2006).

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion in Limine (Doc. No. 28) is **GRANTED IN PART AND DENIED IN PART** as explained above.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of August, 2012.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge