UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES P. DEGESO, II and
TONI DEGESO,

       Plaintiffs,

v.                                                  Case No. 8:11-cv-1556-T-24-MAP

FRED'S STORES OF TENNESSEE, INC.,

       Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motion in Limine. (Doc. No. 27). Defendant opposes the motion. (Doc. No. 32). As explained below, the motion is granted in part and denied in part.

**I.  Motion in Limine**

This is a slip and fall case, in which Plaintiff Charles Degeso alleges that he slipped in a puddle of liquid in Defendant's store. In the instant motion, Plaintiffs seek to prohibit four types of evidence: (1) evidence relating to Plaintiff Charles Degeso's criminal convictions and criminal history; (2) evidence that either of the plaintiffs are and/or were smokers; (3) evidence that either of the plaintiffs had declared bankruptcy; and (4) evidence related to settlement discussions. Defendant does not oppose Plaintiffs' motion to the extent that it seeks to preclude evidence related to settlement discussions, and to that extent, Plaintiffs' motion is granted. Accordingly, the Court will address the remaining three types of evidence.

### A.  Whether Plaintiffs Are/Were Smokers

Plaintiffs argue that whether either or both of them are or were smokers is not relevant to the issues in this case.  Defendant responds that whether Charles Degeso is and/or was a smoker may be relevant to the extent that smoking affected his life expectancy, which may affect his potential recovery for his claimed injuries from the slip and fall incident.  The Court agrees with Defendant that evidence that Charles Degeso was and/or is a smoker may be relevant, and such evidence should not be precluded.

With respect to the loss of consortium claim by Charles Degeso's ex-wife, Toni Palavis, Defendant argues that whether she was and/or is a smoker may be relevant depending on the testimony and evidence presented at trial.  The Court does not have sufficient information to determine whether such evidence will be relevant.  As such, the Court denies Plaintiffs' motion on this issue without prejudice, and Plaintiffs may renew their objection at trial if the need should arise.

### B.  Bankruptcy

Plaintiffs argue that their financial condition is not relevant to the issues in this trial, and as such, they argue that evidence relating to their filing for bankruptcy and/or being involved in any bankruptcy proceedings should be precluded.  Furthermore, Plaintiffs contend that the probative value of such evidence would be substantially outweighed by the danger of misleading the jury and confusion of the issues.

Defendant responds that Plaintiffs' financial condition may be relevant to why they brought this lawsuit. Furthermore, Defendant argues that it is unlikely that such evidence would cause the jury to be unfairly prejudiced against Plaintiffs.

The Court does not have sufficient information to determine whether such evidence will be relevant. As such, the Court denies Plaintiffs' motion on this issue without prejudice, and Plaintiffs may renew their objection at trial if the need should arise.

### C. Criminal Convictions and Criminal History

Plaintiffs argue that the Court should exclude evidence related to Charles Degeso's criminal convictions and criminal history to the extent that his convictions and/or release from confinement related to those convictions exceed the 10 year rule of admissibility under Federal Rule of Evidence 609 and/or the crime did not involve a dishonest act or false statement. Furthermore, Plaintiffs argue that should evidence of his convictions be allowed into evidence, there should be no testimony or evidence before the jury of the facts of the crimes to which the convictions pertain. Rule 609 provides the following:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . must be admitted, subject to Rule 403, in a civil case . . . ; and (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Defendant states that it intends to introduce evidence regarding six of Charles Degeso's criminal convictions: (1) issuing a worthless check, wherein he was released from prison on

September 8, 2005; (2) two counts of trafficking in cocaine, wherein he was released from prison on September 8, 2005; (3) failure to appear, wherein he was released from prison on September 8, 2005; (4) theft by unlawful taking, wherein he was extradited from New Jersey to Florida on May 25, 2000; (5) domestic battery; and (6) felony theft, for which he was convicted in 1985. Accordingly, the Court will analyze the admissibility of each conviction.

### 1. Worthless Check

Degeso was released from prison for his conviction for issuing a worthless check in 2005, so this conviction is within the ten year period and Rule 609(a) applies. Furthermore, this is a crime of dishonesty, and as such, it is admissible.

### 2. Trafficking Cocaine

Degeso was released from prison for his felony conviction for trafficking in cocaine in 2005, so this conviction is within the ten year period and Rule 609(a) applies. Evidence of this conviction is admissible, subject to Rule 403's requirement that the probative value of such evidence is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Plaintiff has not made any specific arguments regarding this conviction, and as such, the Court concludes that evidence of this conviction is admissible.

### 3. Failure to Appear

Degeso was convicted for failing to appear and was released from prison in 2005, so this conviction is within the ten year period and Rule 609(a) applies. Evidence of this conviction is admissible, subject to Rule 403. Plaintiff has not made any specific arguments regarding this conviction, and as such, the Court concludes that evidence of this conviction is admissible.

### 4. Theft by Unlawful Taking

In 2000, Degeso was convicted of theft by unlawful taking, wherein he was extradited from New Jersey to Florida on May 25, 2000. The parties have not provided the Court with enough information to determine whether this conviction is admissible. As such, the Court denies Plaintiffs' motion on this issue without prejudice, and Plaintiffs may renew their objection at trial if the need should arise.

### 5. Domestic Battery

In 1996, Degeso was adjudicated guilty of domestic battery and given probation. This conviction is not within the 10 year period, and as such, Rule 609(b) applies. Evidence of this conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. Upon consideration, the Court concludes that this conviction is not admissible.

### 6. Felony Theft

In 1985, Degeso was convicted of felony theft. This conviction is not within the 10 year period, and as such, Rule 609(b) applies. Evidence of this conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. Upon consideration, the Court concludes that this conviction is not admissible.

## II. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion in Limine (Doc. No. 27) is **GRANTED IN PART AND DENIED IN PART** as explained above.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of August, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record